IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | NO. 3:21-cr-00228 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| | ) | |
| DUSTIN TRUETT | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two Motions to Suppress filed by Defendant. (Doc. No. 18, "First Motion," and Doc. No. 20, "Second Motion"). In the First Motion and the accompanying Memorandum of Law (Doc. No. 19), Defendant requests that the Court suppress "all evidence seized pursuant to [a] search warrant" issued on December 10, 2020.[1] In the First Motion, Defendant additionally requests a *Franks* hearing, wherein he proposes to "demonstrate the presence of the false statements" in the affidavit provided in support of the application for that warrant ("first warrant"). (Doc. No. 18 at 1). In the Second Motion, Defendant requests that the Court suppress all evidence seized pursuant to another warrant ("second warrant") also issued on December 10, 2020, on the grounds that if the Court grants the First Motion (as Defendant of course contends it should), then "the officers would have illegally been present in the premises [searched pursuant to the first warrant,] and all information obtained [pursuant to the first warrant] could not be used to support a [the issuance of the second] warrant." (Doc. No. 20). The

---

[1] The title of each of Defendant's two motions, and the separate Memorandum of Law (Doc. No. 20) accompanying the First Motion, identify the date of issuance of the respective search warrants as December 10, 2022. (Doc. Nos. 18-20). Then the text of both Motions says the search warrant was executed on December 10, 2021. (Doc. Nos. 18, 20). However, the correct date (and the one listed on the search warrant itself) is December 10, 2020. The Court realizes that no one is perfect, but it does encourage counsel to ensure, via proofreading and otherwise, that he he is providing accurate information to the Court in future filings.

Government responded in opposition to both Motions in a single response (Doc. No. 21, "Government's Response"), attaching thereto the first warrant and the second warrant and the respective affidavits in support thereof. (Doc. Nos. 21-1, 21-2). Defendant did not reply. The Motions are ripe for review. For the reasons discussed below, both of Defendant's motions (collectively, "Defendant's Motions") are **DENIED**.

## FACTUAL BACKGROUND[2]

On December 9, 2020, Hickman County resident P.P. was looking at Facebook Marketplace when she saw an antique oil lamp listed for sale by a user named Travis Hutchinson.[3] (Doc. No. 21 at 1). P.P. knew a similar lamp was located in the unoccupied residence of her deceased parents. (*Id.* at 1-2). P.P. contacted the local sheriff, and the next morning, Sergeant Aydelott of Hickman County Sheriff's Office ("HCSO") met P.P. at her parents' residence, where the lamp was found lying in the front yard. (*Id.* at 2). Additionally, while looking around the house, P.P. and Sergeant Aydelott found a broken window, suggesting the residence had been burglarized. (*Id.* at 2). Sergeant Aydelott also saw a trail leading from the broken window through the woods

---

[2] Defendant's Motions are quite sparse. The First Motion consists of only one page (Doc. No. 18), to go along with a supporting memorandum (Doc. No. 19) that amounts to just two pages of substantive content, and the Second Motion consists of only one page (Doc. No. 20). Not surprisingly, Defendant's Motions provided virtually no background. Consequently, the facts contained in this section come from the Government's Response. The Court accepts the Government's recounting of the contents of the warrants and affidavits because such is supported by Doc. Nos. 21-1 and 21-2. And the Court accepts the other facts set forth in this section as true for purposes of Defendant's Motions in part because Defendant has not contested them despite having had the opportunity to do so via a reply to the Government's Response.

[3] The Government's Response names this individual as both Travis Hutchins and Travis Hutchinson. As Hutchinson is the name included in Detective Jones's affidavit, the Court will refer to this person's last name as Hutchinson rather than Hutchins.

to another residence located about 150 yards away. (*Id.*). The second residence was known by Detective Scott Jones of HCSO to belong to Dustin Truett.

That day, December 10, 2020, Detective Jones applied for a warrant to search Truett's home. (*Id.* at 3). In his affidavit in support of the requested search warrant, Detective Jones set forth the following facts to establish probable cause:

- P.P. recognized the lamp on Facebook Marketplace listed by Travis Hutchinson, as matching one at her parents' home.

- When P.P. and Detective Aydelott went to the home, the lamp was outside in the yard with an angel figurine missing from it.

- P.P. said the lamp in the yard was the same lamp from the Facebook photo.

- At the residence, there was a broken window and a trail leading through the woods from the window to the direction of 7419 Highway 230 Lyles, TN, which was about 150 yards from P.P.'s parents' home.

- Detective Jones knows that address is the residence of Dustin Truett.

- Detective Jones is familiar with Travis Hutchinson, knows he is an associate of Truett, and Hutchinson had previously been present at the Truett residence when Detective Jones had executed an arrest warrant there.

- Detective Jones viewed the Facebook photo and noticed that the background in the photo was the same as the living room of the Truett residence, where he had spent considerable time in February 2020 when executing a prior warrant.

- Detective Jones reviewed bodycam footage from the prior search of the Truett residence and compared it to the Facebook photo. He noticed that the door in the background appeared similar, as did the flooring and a stool.

(Doc. No. 21-1 at 4-6).[4] The Hickman County magistrate granted Detective Jones's application and issued a warrant to search Truett's residence for: "visual corroboration" of the background in the photo; pieces of the stolen lamp; "any evidence of identity or ownership of the premises to be searched;" as well as "any evidence that links Travis Hutchinson to the premises to be searched." (*Id.* at 1).

While executing the first warrant, officers observed illegal drugs and firearms inside the property of Truett, who is a convicted felon. (*Id.*). That same day, officers then sought and obtained the second warrant on the basis of their observations made while executing the first warrant. (*Id.*). During the execution of the second warrant, officers seized $34,000 in cash, a loaded AR-15 pistol, a 12-gauge shotgun, two bolt action rifles, various ammunition, 319 grams of meth, 1,600 grams of marijuana, oxycodone pills, and other drug paraphernalia. (*Id.*)

## ANALYSIS

The basis for Defendant's First Motion is his assertion that the statements Detective Jones included in his affidavit to the effect that the Facebook photo was taken at Truett's residence[5] are "false and amount[] to a reckless disregard for the truth." (Doc. No. 19 at 2). Accordingly, Defendant contends he is entitled to a *Franks* hearing, at which he proposes to establish that the information is false. Additionally, Defendant appears to argue that material information was

---

[4] Defendant's First Motion purports to have attached Detective Jones's affidavit that was submitted in support of the application for the first warrant. However, Defendant actually included the affidavit that was submitted by Detective Brady Cartwright in support of the request for the second warrant. (Doc. No. 18-1 at 4-6). The Government submitted the correct affidavit from Detective Jones (Doc. No. 21-1) with its Response.

[5] While Detective Jones does not expressly state that the photo in question was taken at the Truett residence, he unmistakably implies that in stating that "the background in the photograph was identical to that of the living room of the Truett residence" and "[t]he [Facebook] photo is taken from only a few feet in front of the door located in the Truett residence living room." (Doc. No. 21-1 at 5). The Court believes that these, and similar statements in the affidavit, are the ones Defendant challenges as (allegedly) false.

omitted from Detective Jones's affidavit, including a specification of when the Facebook photograph was taken and "whether additional stolen property was" in the residence. (*Id.* at 1). Finally, Defendant states that without Detective Jones's false statement about the photo, the affidavit "fails to establish probable cause" and the warrant is insufficient. (*Id.* at 2).

I. **Defendant is not entitled to a *Franks* hearing, and he thus cannot obtain the requested striking of affidavit content that depends on his prevailing at a *Franks* hearing.**

"To be entitled to a *Franks* hearing, [a defendant] must '1) make[ ] a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) prove[ ] that the false statement or material omission is necessary to the probable cause finding in the affidavit.'" *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019) (quoting *United States v. Young*, 847 F.3d 328, 348-49 (6th Cir. 2017)). Defendant must point to the specific "disputed portions of the challenged affidavit, and must back up these charges with an offer of proof." U*nited States v. Bonds*, 12 F.3d 540, 568 (6th Cir. 1993).

Here, Defendant adequately identifies the specific portions of the affidavit he wants to challenge. However, Defendant does not offer any proof related to the falsity of Detective Jones's statements, nor does he offer any proof that Detective Jones acted intentionally or with reckless disregard for the truth. *See Bateman*, 945 F.3d at 1008 ("A law enforcement officer's statement is only considered to be issued with 'reckless disregard for the truth' if a defendant shows that the affiant subjectively 'entertain[ed] serious doubts as to the truth of his [or her] allegations.'") (quoting *United States v. Cican*, 63 F. App'x 832, 836 (6th Cir. 2003)). Accordingly, Defendant has not made a "substantial preliminary showing" that he is entitled to a *Franks* hearing, and his request for one is therefore denied. As a result, his request to have the allegedly false statement—

a request that depends on his receiving and prevailing at a *Franks* hearing—must be and hereby is denied.

## II.     The first warrant is supported by probable cause, with or without the challenged statement.

Defendant does not contest that the first warrant is supported by probable cause if the (allegedly) false statement about the Facebook photo background *is* taken into consideration. He asserts only that the first warrant is without probable cause "absent [the] false information." (Doc. No. 19 at 2). As noted above, the allegedly false information will not be stricken, and thus Defendant has no valid challenge to the finding of probable cause to support the first warrant.

Alternatively, even if the allegedly false statement were removed from consideration, the Court believes that there would be enough facts offered in Detective Jones's affidavit to support a finding of probable cause.

To determine whether a warrant application established probable cause, the Court will view the "totality of the circumstances" "through the lens of common sense." *United States v. Christian*, 925 F.3d 305, 309 (6th Cir. 2019) (quoting *Florida v. Harris*, 568 U.S. 237, 244, 248 (2013)). Here, the Court believes the following unchallenged circumstances set forth in the affidavit are sufficient by themselves to establish probable cause: P.P.'s positive identification of the lamp from her parents' home as the one reflected in Travis Hutchinson's Facebook post; the trail from the broken window to Truett's residence 150 yards away; and Hutchinson's known affiliation with Dustin Truett. *See United States v. Sawyer*, 144 F.3d 191, 194 (1st Cir. 1998*), abrogated on other grounds by United States v. Giggey*, 551 F.3d 27 (1st Cir. 2008) (In this case, the First Circuit held that a trail of footprints from a burglarized home to the home of the defendant was one circumstance that counted toward finding probable cause to search the home of the defendant for

stolen items, as was also a known affiliation between the defendant and a different individual found to be in possession of some of the stolen items.).

A court reviewing a warrant should not attempt a "de novo review" of a magistrate's determination and should instead ask whether there was a "substantial basis for the probable cause finding." *United States v. Tagg*, 886 F.3d 579, 586 (6th Cir. 2018); *see also Christian*, 925 F.3d at 312 ("[Courts] are 'not permitted to attempt a de novo review of probable cause.'" (quoting *Tagg*, 886 F.3d at 586)). Here, the Court is confident that there was a substantial basis for the magistrate's grant of the first warrant, and that there would still be a substantial basis with the allegedly false statement removed from consideration (although the Court need not exclude it because Defendant has failed to show entitlement to a *Franks* hearing). Accordingly, Defendant's First Motion (Doc. No. 18) is denied.

## III. Defendant has established no grounds for suppressing the fruits of the second warrant.

Defendant's only stated basis for requesting suppression of evidence seized pursuant to the second warrant is that "if the Court suppresses the first search warrant, the officers would have illegally been present in the premises and all information obtained could not be used to support a subsequent search warrant." (Doc. No. 20 at 1).

To characterize the sole grounds for the Second Motion somewhat more precisely, Defendant asserts that *if* the Court grants the First Motion, then "the officers would have illegally been present in the premises [searched pursuant to the first warrant,] and all information obtained [pursuant to the first warrant] could not be used to support [the issuance of the second] warrant." (Doc. No. 20).

As the Court has determined that the First Motion will be denied, and that therefore the evidence seized during the first warrant will not be suppressed, the Second Motion is also denied.

## CONCLUSION

Defendant has failed to make a substantial preliminary showing that Detective Jones "knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission" in his affidavit, and thus Defendant is not entitled to a *Franks* hearing. Additionally, the Court has determined that the first warrant was adequately supported by probable cause (with or without the challenged statement being considered). Therefore, no evidence seized pursuant to the first warrant—or pursuant to the second warrant issued based on the police observations made during the execution of the first warrant—should be suppressed.

For the reasons stated herein, both Defendant's First Motion (Doc. No. 18) and Second Motion (Doc. No. 20) are **DENIED** without an evidentiary hearing.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE